IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  WESLEY FARNES, individually and on behalf of others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>(1)  T/J INSPECTIONS, INC.,<br><br>                    Defendant | Civil Action No. CIV-23-1100-PRW |

**PLAINTIFF'S ORIGINAL COMPLAINT AND SETTING FORTH REPRESENTATIVE ACTION UNDER THE FAIR LABOR STANDARDS ACT AND DEMAND FOR JURY TRIAL**

Plaintiff WESLEY FARNES, individually, and on behalf of all other similarly situated, for his Complaint against Defendant, alleges as follows:

1.1     Defendant provides oil and gas pipeline inspection and special services throughout the United States.

1.2     Plaintiff worked for Defendant as a pipeline Inspector.

1.3     Plaintiff and the Day Rate Inspectors (as defined below) regularly worked more than 40 hours a week.

1.4     Defendant never paid Plaintiff or the Day Rate Inspectors overtime for the hours they worked in excess of 40 hours in a single week.

1.5     Instead of paying overtime as required by the FLSA, Defendant paid Plaintiff and the Day Rate Inspectors a Day Rate or flat amount for each day worked without overtime compensation.

1

1.6     Defendant never paid Plaintiff and the Day Rate Inspectors a salary.

1.7     Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.,* to recover unpaid compensation at time and a half owed for work in excess of 40 hours per workweek.

## Jurisdiction and Venue

2.1     The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

2.2     Venue in this District is proper under 28 U.S.C. § 1391 because Defendant maintains its main office in this District in Oklahoma City and regularly conducts business in this District. [1]

## Parties

3.1     Plaintiff is an individual residing in Cushing, Oklahoma and within the judicial district of this court.

3.2     Defendant T/J Inspections, Inc. is a foreign for profit business corporation registered to do business in Oklahoma and service may be made upon the registered agent: Tricia Junghanns, 6600 S. Sooner Road, Oklahoma City, OK 73135.

---

[1] https://www.tjinspection.com/about-us/

3.3     Plaintiff has been employed by Defendant as a pipeline Inspector at various drilling well sites throughout the United States.

3.4     Plaintiff brings this action on behalf himself and all other similarly situated Day Rate Inspectors who were paid under Defendant's Day Rate scheme.

3.6     Plaintiff's consent to be plaintiff is attached as Exhibit 1.

3.7     Defendant paid Plaintiff and similarly situated Day Rate Inspectors a flat amount or Day Rate for each day worked and failed to pay overtime for hours worked in excess of 40 in a work week in violation of the FLSA.

3.8     Throughout Plaintiff's employment with the Defendant, Defendant paid Plaintiff a flat rate, or Day Rate, for each day worked regardless of the total hours worked in a day or week with no overtime compensation.

3.9     The collective of similarly situated employees or Day Rate Inspectors sought to be certified is defined as follows:

> All current and former pipeline Inspectors employed by T/J Inspection, Inc. who were paid by a day rate during the past 3 years.

3.10    Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. Section 206-207.

3.11    Defendant's gross volume of business exceeds $500,000.

3.12    Defendant is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. Section 207(b)(3).

**FLSA Collective Action History**

4.1     Inspectors have previously brought and resolved FLSA collective actions against Defendant. *Farmer v. TJ Inspections, Inc.*, Case No. 5:22-cv-66 (W.D. Tex.); *Lopez v. T/J Inspection, Inc.*, Case No. 5:16-cv-148 (W.D. Okla. 2016); *Smoot v. TJ Inspection, Inc.*, Case No. 23-113 (W.D. Okla.). All lawsuits were compromised and are closed.

4.2     *Smoot* was resolved after entry of a Scheduling Order and without issuance of class notice. *Smoot v. TJ Inspection, Inc.*, CV-23-113-PRW (W.D. Okla.).

4.3     Plaintiff was either not working for Defendant during prior collective actions or was not provided notice of these collective actions.

4.4     Based upon information and belief, Defendant did not change or modify the payment scheme after resolving the collective actions.

4.5     Another FLSA collective action was brought by Inspectors against Defendant for retaliation for joining the *Farmer* collective action. *Cox v. TJ Inspections, Inc.*, Case No. CIV-23-187-G (W.D. Okla.).

**Factual Allegations**

5.1     Defendant is a pipeline inspection company with their office in Oklahoma City OK.

5.2     Defendant hires Inspectors to perform pipeline inspection services to oil and gas industry clients.

5.3     Defendant employs members of the FLSA collective [Day Rate Inspectors] throughout the United States.

5.4     The Day Rate Inspectors perform inspection services on behalf of Defendant, including inspecting, observing, and testing of oil and gas pipelines for compliance with the clients' plans and specifications as well as codes and regulations.

5.5     Defendant's clients include energy, public utility and pipeline companies in this judicial district and throughout the United States.

5.6     Defendant achieves revenue from services performed by its Day Rate Inspectors for Defendant's clients.

5.7     Defendant charges its customers for Day Rate Inspector services on a per project basis, including per diem charges per Inspector, and reimbursements, including mileage.

5.8     Some or all these Day Rate Inspectors work for Defendant on a day rate basis, without overtime pay.

5.9     The Day Rate Inspectors are subjected to the same or similar payment scheme for similar work.

5.10    Plaintiff worked for Defendant as an Inspector from approximately October 2022 to October 2023 performing and reviewing inspections on pipelines in the field.

5.11    Throughout Plaintiff's employment with Defendant, Defendant paid Plaintiff on a day rate basis, same amount each day he actually worked.

5.12   Plaintiff and the Day Rate Inspectors worked for the Defendant under its day rate payment scheme.

5.13   Plaintiff and the Day Rate Inspectors do not receive a guarantee a certain amount of pay each workweek.

5.14   Defendant pays Plaintiff and the Day Rate Inspectors an amount equal to the number of days worked times their respective day rates.

5.15   If Plaintiff and the Day Rate Inspectors did not work, they would not get paid.

5.16   Defendant did not compensate Plaintiff or the Day Rate Inspectors an amount greater than the day rate even when working more than 40 hours in a work week.

5.17   Plaintiff and Day Rate Inspectors do not receive overtime pay. Instead, Defendant paid Plaintiff and the Day Rate Inspectors the day rate regardless of the number of hours each worked in a day or work week, even if they worked more than 40 hours in a workweek.

5.18   Plaintiff routinely worked six days per week and up to seven days per week and typically more than 10 hours per day.   Plaintiff observed the other Day Rate Inspectors routinely worked similar schedules.

5.19   Defendant set the work schedule for Plaintiff and the Day Rate Inspectors.

5.20   Plaintiff's work schedule is typical of the other Day Rate Inspectors.

5.21    Defendant knows that Plaintiff and the Day Rate Inspectors work overtime or in excess of 40 hours each week.

5.22    Defendant's records show that Plaintiff and the Day Rate Inspectors regularly work in excess of 40 hours in certain work weeks.

5.23    Defendant controlled the Inspector's duties and inspection work.

5.24    Plaintiff and the Day Rate Inspectors review specifications, plans, policies and procedures and apply defined, known industry and regulatory standards to ensure pipelines are constructed or maintained in accordance with client's criteria.

5.25    Plaintiff and the Day Rate Inspectors followed and were required to follow Defendant's and/or the client's policies and procedures.

5.26    Plaintiff and the Day Rate Inspectors are not required to possess any unique or specialized skill set to perform their job duties.

5.27    Plaintiff and the Day Rate Inspectors job duties are routine and met pursuant to standard plans, procedures and checklists drafted and provided by Defendant and/or their clients.

5.28    Defendant prohibits Plaintiff and the Day Rate Inspectors from modifying their job duties outside of the parameters set by Defendant.

5.29    Defendant maintains a training facility used to teach and train Plaintiff and the Day Rate Inspectors for the position.

5.30    Defendant controls the tools and equipment used by Plaintiff and the Day Rate Inspectors.

5.31    Defendant controls the hours worked and the location for pipe inspection services for Plaintiff and the Day Rate Inspectors.

5.32    Defendant controls the reports for completion by Plaintiff and the Day Rate Inspectors and the rate for services performed by Plaintiff and the Day Rate Inspectors.

5.33    Plaintiff and the Day Rate Inspectors perform similar duties and provided the same or similar policies and procedures which dictate the day-to-day activities they performed.

5.34    Plaintiff and the Day Rate Inspectors do not and cannot supervise, hire, terminate or discipline any employees.

5.35    Plaintiff and the Day Rate Inspectors work similar hours without overtime under the day rate scheme.

5.36    Defendant does not offer nor provide a guaranteed weekly compensation irrespective of the day worked.

5.37    Defendant's policy of paying a day rate without overtime compensation violates the FLSA for providing Plaintiff and the Plaintiff and the Day Rate Inspectors overtime pay for hours worked in excess of 40 in a single work week.

5.38    Defendant knew that Plaintiff and the Day Rate Inspectors worked more than 40 hours per workweek.

5.39    Defendant knew, or showed reckless disregard for whether Plaintiff and the Day Rate Inspectors were not exempt from the FLSA overtime provisions.

5.40    Defendant's decision not to pay overtime compensation was not reasonable nor made in good faith and ignored FLSA jurisprudence. The United States Court of Appeals for the Tenth Circuit held that similar pay schemes were a willful violation of the FLSA. *Mumby v. Pure Energy Servs. (USA), Inc*., 636 F.3d 1266 (10th Cir. 2011).

5.41    Plaintiff observed other Day Rate Inspectors utilizing similar techniques and procedures in the performance of their jobs.

5.42    Plaintiff and the Day Rate Inspectors are blue collar workers primarily engaged in manual labor.

5.43    Defendant does not maintain accurate records of all hours that Plaintiff and the Day Rate Inspectors worked each work day required by the FLSA. 29 C.F.R. Section 516.2(a)(7).

## Collective Action Allegations

6.1    Plaintiff brings this lawsuit as a collective action on behalf of Day Rate Inspectors identified above pursuant to 29 U.S.C. Section 216(b).

6.2    Plaintiff and the Day Rate Inspectors are "similarly situated" pursuant to 29 U.S.C. 216(b) as all worked to Defendant's described common pay practices in which each were not paid mandated overtime premium for hours worked over 40 during the workweek.

6.3    Common facts exist among Plaintiff and the Day Rate Inspectors, including compensation, position, hours worked and timekeeping.

6.4     Defendant paid the Day Rate Inspectors, like Plaintiff, a set amount/rate per day, regardless the hours worked and without overtime required under the FLSA.

6.5     Defendant misclassified Plaintiff and the Day Rate Inspectors as exempt under the FLSA.

6.6     The identity and location of similarly situated Day Rate Inspectors are readily available to Defendant from payroll records. The Day Rate Inspectors perform work on behalf of Defendant throughout the United States.

6.7     Delivery of notice of this lawsuit with opportunity to join is available pursuant to 29 U.S.C. Section 216(b), for collective and efficient resolution of the claims under the FLSA.

6.8     Plaintiff and the Day Rate Inspectors seek the same damages; unpaid overtime, liquidated damages, fees and costs.

## Count I: Violation of the Fair Labor Standards Act

### [Plaintiff and Collective]

7.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 6.8 of the Original Complaint.

7.2     Plaintiff brings this claim as a collective action under 29 U.S.C. Section 216(b).

7.3     At all times material to this action, Defendant was an employer of the Plaintiff and Collective [Day Rate Inspectors] within the meaning of § 3(d) of the

FLSA [28 USCS § 203(d)], and that the Plaintiff and Collective was an employee employed by the Defendant within the meaning of §§ 203(e) and (g) of the FLSA [29 USCS § 203(e) and (g)].

7.4  At all times material to this action, Defendant was and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 203(s)(1)(A)(I) and (ii) of the FLSA.

7.5  During the relevant period of Plaintiff's employment, Plaintiff and Collective regularly worked longer than 40 hours per workweek and was not paid overtime compensation for work exceeding 40 hours per workweek at the rate of not less than one and one-half times the regular rate at which he was employed, in violation of § 7(a) of the FLSA [29 USCS § 207(a)].

7.6  Plaintiff and the Collective are not exempt under the FLSA.

7.7  By failing to compensate Plaintiff and Collective at one and one-half times the rate of compensation at all material times the last three years, Defendant has violated and continues to violate § 7 of the FLSA, 29 U.S.C. § 207, which requires that an employee be compensated at one and one-half times his/her regular compensation rate for those hours worked in excess of 40 hours per week.

7.8  Defendant's violations of the FLSA were/are willful within the meaning of 29 U.S.C. § 263 and 29 U.S.C. § 255.

7.9   Defendant has failed and refused, and continues to fail and refuse, to pay the Plaintiff and the Collective the amounts due as overtime compensation.

7.10   That as a result of Defendant's failure and refusal to pay the amounts due to Plaintiff and Collective, Plaintiff was forced to bring this action, and to engage the services of the undersigned attorneys and to incur the expenses of the litigation.

WHEREFORE, Plaintiff and all similarly situated Day Rate Inspectors demand judgment against Defendant and request: (1) Permission to proceed as an FLSA collective action pursuant to 29 U.S.C. 216(b); (2) Notice of this litigation to all potential collective members pursuant to 29 U.S.C. 216(b); (3) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre- judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

Respectfully submitted,

S/Jeff Taylor
Jeff A. Taylor
State Bar No. 17210
The Offices at Deep Fork Creek
5613 N. Classen Blvd
Oklahoma City, OK  73118
Telephone:   (405) 286-1600
Telecopy:   (405) 842-6132

COUNSEL FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff and those similarly situated demand a jury trial of all of their claims.

s/Jeff Taylor
Jeff A. Taylor
